JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0900-DOC (KES)                              Date: September 18, 2017

Title: RUTH JOHNSON V. OPTUMRX, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER [38]**

Before the Court is Defendants OptumRx, Inc. and Novo Nordisk Inc.'s (collectively, "Defendants") Motion to Transfer ("Motion") (Dkt. 38). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Defendants' Motion.

**I.   Background**

Plaintiff Ruth Johnson ("Johnson" or "Plaintiff") brings this putative class action against OptumRx, Inc. ("OptumRx") and Novo Nordisk Inc. ("Novo Nordisk"). *See generally* Complaint ("Compl.") (Dkt. 1). Novo Nordisk is a Delaware corporation that manufactures diabetes products such as Victoza, the drug at issue in this case, while OptumRx is a California-based pharmacy benefits manager ("PBM"). Compl. ¶¶ 4–5. Johnson alleges that she is insured under a Medicare Part D plan for which OptumRx administers pharmacy benefits, and that she uses the prescription drug benefit provided by OptumRx to purchase Victoza to treat her type 2 diabetes. *Id.* ¶ 3.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0900-DOC (KES)                                                  Date: September 18, 2017
                                                                                                                            Page 2

       Plaintiff alleges that Defendants have unlawfully conspired to inflate the list price of Victoza for their own profit, harming consumers by forcing them to overpay for their vital diabetes medication. *Id.* ¶¶ 80–83. This alleged scheme takes advantage of the influential role and power of PBMs in the prescription drug supply and distribution chain as follows. PBMs like OptumRx administer health coverage providers' prescription benefits programs, which includes developing a formulary for each coverage provider. *Id.* ¶ 32. A formulary is "the list of prescription benefits included in coverage at various pricing 'tiers'" and includes prescription drugs such as Victoza. *Id.*

       In addition, PBMs like OptumRx negotiate with medical product manufacturers seeking to have their products, like the prescription drug Victoza, included in formularies. *Id.* In return for formulary placement, manufacturers agree to pay rebates and fees to the PBMs. *Id.* ¶ 34. PBMs pocket an unknown portion of these payments; Plaintiff calls this portion the "PBM Kickbacks." *Id.* ¶ 40. Thus, Plaintiff alleges that instead of competing for formulary access by lowering drug prices to make them more competitive,

> the manufacturers have *inflated* their list prices and then "rebate" a significant portion of the list price back to PBMs, such as OptumRx. The rebates are provided under a variety of labels—discounts, credits, concession fees, etc. Regardless of the term used to describe them, they are a *quid pro quo* for formulary inclusion or preferential placement.

*Id.* ¶ 49 (emphasis added); *see also id.* ¶ 42.

       In this case, Plaintiff alleges specifically that Novo Nordisk has provided OptumRx with increasingly large rebates and kickbacks by inflating the list price of Victoza, forcing consumers to overpay for their medication and pushing Medicare Part D participants into what is known as the Medicare Part D "Donut Hole," which refers to the coverage gap phase during which participants must pay even more out of pocket. *Id.* ¶¶ 78–79, 82. Plaintiff alleges that this scheme of "kickbacks" from Novo Nordisk to OptumRx in return for formulary placement of Victoza, which inflates the price consumers pay for the drug, is illegal. Specifically, she claims that Defendants violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1962(d); state consumer protection laws in California, Michigan, and New Jersey; and state common law claims for fraud and unjust enrichment. *See id.* ¶¶ 107–212. Plaintiff seeks to bring a class action on behalf of "[a]ll individuals residing in the United States and its territories who purchased Victoza and were required to pay all or a portion of the purchase price." *Id.* ¶ 92.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0900-DOC (KES)                       Date: September 18, 2017
                                                                                                                                                                Page 3

On August 7, 2017, Defendants filed their Motion to Transfer. Plaintiff opposed on August 21, 2017 ("Opp'n") (Dkt. 43). Defendants replied on August 28, 2107 ("Reply") (Dkt. 50).

## II. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The "first-to-file" rule is recognized and followed in the Ninth Circuit. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982). This rule encourages courts, in their discretion, to transfer, dismiss, or stay actions "when two actions involving nearly identical parties and closely related . . . questions are filed in separate districts." *EMC Corp. v. Bright Response, LLC*, C-12-2841 EMC, 2012 WL 4097707, at *1 (N.D. Cal. Sept. 17, 2012). "This rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, 11-CV-01944-LHK, 2012 WL 588792, at *2 (N.D. Cal. Feb. 22, 2012). Accordingly, courts do not lightly disregard this rule. *Id.*

## III. Request for Judicial Notice

Defendants have asked the Court to take judicial notice of ten documents. *See* Defendants' Request for Judicial Notice ("RJN") (Dkt. 40) at 1. The Court may take judicial notice of court filings and other matters of public record. Fed. R. Evid. 201(b); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). Therefore, the Court takes judicial notice of the following documents, filed with the Court as Exhibits A through J to the Declaration of Andrew D. Yaphe in support of Defendants' Motion to Transfer:

- Complaint in *Boss, et al. v. CVS Health Corp., et al.*, No. 3:17-CV-01823, Dkt. No. 1 (D.N.J. filed Mar. 17, 2017)

- Complaint in *In re Insulin Pricing Litig.* (*Chaires, et al. v. Novo Nordisk Inc., et al.*), No. 17-cv-699, Dkt. No. 1 (D.N.J. filed Feb. 2, 2017)

- Complaint in *Barnett, et al. v. Novo Nordisk Inc., et al.*, No. 17-cv-1580, Dkt. No. 1 (D.N.J. filed Mar. 8, 2017)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0900-DOC (KES)                                        Date: September 18, 2017
                                                                                                                                  Page 4

- Complaint in *Christensen, et al. v. Novo Nordisk Inc., et al.*, No. 17-cv-2678, Dkt. No. 1 (D.N.J. filed Apr. 20, 2017)

- Complaint in *Carfagno v. Novo Nordisk Inc.*, No. 17-cv-3407, Dkt. No. 1 (D.N.J. filed May 12, 2017)

- Letter from James E. Cecchi in *In re Insulin Pricing Litig.* (*Chaires, et al. v. Novo Nordisk Inc., et al.*), No. 17-cv-699, Dkt. No. 48 (D.N.J. filed Apr. 21, 2017)

- Letter from Keller Rohrback L.L.P. in *Boss, et al. v. CVS Health Corp., et al.*, No. 3:17-CV-01823, Dkt. No. 15 (D.N.J. filed Apr. 28, 2017)

- Letter Order in *In re Insulin Pricing Litig.* (*Chaires, et al. v. Novo Nordisk Inc., et al.*), No. 17-cv-699, Dkt. No. 66 (D.N.J. filed May 18, 2017)

- Complaint in *Bewley, et al. v. CVS Health Corp., et al.*, No. 17-CV-802, Dkt. No. 1 (W.D. Wash. filed May 24, 2017)

- Complaint in *Prescott, et al. v. CVS Health Corp., et al.*, No. 17-CV-803, Dkt. No. 1 (W.D. Wash. filed May 24, 2017).

## IV. Discussion

Defendant moves to transfer this case to the District of New Jersey in accordance with the first-to-file rule or, alternatively, 28 U.S.C. § 1404(a). Mot. at 2, 9–15. When deciding whether to apply the first-to-file rule, courts should consider three factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues" *EMC Corp.*, 2012 WL 4097707, at *1 (quoting *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998)).

There are five putative class actions pending in the District of New Jersey concerning the same type of alleged kickback schemes between manufacturers and PBMs, albeit in setting prices for insulin products rather than Victoza (collectively, "New Jersey actions"):

- *Boss, et al. v. CVS Health Corp., et al.*, Case No. 3:17-CV-01823, Dkt. No. 1, Compl. (D.N.J. Mar. 17, 2017). Declaration of Andrew D. Yaphe ("Yaphe Decl.") (Dkt. 39) Ex. A. The *Boss* plaintiffs assert class action claims against Defendants CVS Health Corporation; Caremark RX, LLC; Express Scripts Holding Company; Express Scripts, Inc.; UnitedHealth Group, Inc.; **OptumRx**; Sanofi-Aventis U.S. LLC; **Novo Nordisk**; and Eli Lilly and Co.

Case 8:17-cv-00900-DOC-KES Document 56 Filed 09/18/17 Page 5 of 11 Page ID #:1895

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0900-DOC (KES)　　　　　　　　　　　　　　　　　Date: September 18, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

for: (1) violations of RICO, (2) violations of the Sherman Act, (3) violations of the Employee Retirement Income Security Act ("ERISA"), (4) violations of the applicable consumer protection laws of every state and some territories, and (5) common law fraud and unjust enrichment. *See generally id.* Plaintiffs propose to represent four classes:

- o The Non-ERISA Employee/Exchange Plan Class: "All individuals residing in the United States and its territories who are or were enrolled in a non-ERISA employer-sponsored, ACA exchange, or state exchange health benefit plan or health insurance plan for which one or more of the PBM Defendants administers pharmacy benefits, who purchased [certain insulin products] pursuant to such plans or policies and were required to pay all or a portion of the purchase price based on an inflated list price." *Id.* ¶ 204.

- o The ERISA Class: "All individuals residing in the United States and its territories who are or were enrolled in an ERISA-covered health benefit plan or health insurance plan for which one or more of the PBM Defendants administers pharmacy benefits, who purchased [certain insulin products] pursuant to such plans or policies and were required to pay all or a portion of the purchase price based on an inflated list price." *Id.*

- o The Medicare Class: "All individuals residing in the United States and its territories who are or were enrolled in a Medicare Prescription Drug Plan or a Medicare Advantage Plan that includes prescription drug coverage and for which one or more of the PBM Defendants administers pharmacy benefits, who purchased [certain insulin products] pursuant to such plans or policies and were required to pay all or a portion of the purchase price based on an inflated list price." *Id.*

- o The Uninsured Class: "All individuals residing in the United States and its territories who are or were not enrolled in a health benefit plan or health insurance plan, who purchased [certain insulin products] where the purchase price was calculated by reference to an inflated list price and who paid any portion of the purchase price." *Id.*

- *In re Insulin Pricing Litig.* (*Chaires, et al. v. Novo Nordisk Inc., et al.*), Case No. 17-cv-699, Dkt. No. 1, Compl. (D.N.J. filed Feb. 2, 2017). Yaphe Decl. Ex. B. The *In re Insulin Pricing* plaintiffs assert class action claims against

Case 8:17-cv-00900-DOC-KES Document 56 Filed 09/18/17 Page 6 of 11 Page ID #:1896

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0900-DOC (KES)                                 Date: September 18, 2017

                                                                                                               Page 6

Defendants **Novo Nordisk**, Eli Lilly and Co., and Sanofi U.S. for: (1) violations of RICO, (2) violations of the Sherman Act, and (3) violations of the applicable consumer protection laws of every state. *See generally id.* Plaintiffs propose to define their class as: "All persons in the United States and its territories who paid any portion of the purchase for a prescription of [certain insulin products] at a price calculated by reference to a benchmark price . . . ." *Id.* at 56.

- *Barnett, et al. v. Novo Nordisk Inc., et al.*, Case No. 17-cv-1580, Dkt. No. 1, Compl. (D.N.J. Mar. 8, 2017). Yaphe Decl. Ex. C. The *Barnett* plaintiffs assert class action claims against Defendants **Novo Nordisk**; Eli Lilly and Co.; Sanofi-Aventis U.S., LLC; Express Scripts Holding Company; Express Scripts, Inc.; CVS Health Corp.; UnitedHealth Group, Inc.; and **OptumRx** for: (1) violations of the Sherman Act, (2) violations of state antitrust and restraint of trade laws, (3) violations of the state consumer protection and unfair competition laws, and (4) violations of RICO. *See generally id.* Plaintiffs propose to define their class as: "All persons in the United States and its territories who paid any portion of the purchase for a prescription of [certain insulin products] at a price calculated by reference to a benchmark price . . . . Excluded from the class are governmental entities . . . ."*Id.* at 43.

- *Christensen, et al. v. Novo Nordisk Inc., et al.*, Case No. 17-cv-2678, Dkt. No. 1, Compl. (D.N.J. Apr. 20, 2017). Yaphe Decl. Ex. D. The *Christensen* plaintiffs assert class action claims against Defendants **Novo Nordisk**; Eli Lilly and Co.; Sanofi-Aventis U.S., LLC; Express Scripts Holding Company; Express Scripts, Inc.; CVS Health Corp.; UnitedHealth Group, Inc.; and **OptumRx** for: (1) violations of the Sherman Act, (2) violations of state antitrust and restraint of trade laws, (3) violations of the state consumer protection and unfair competition laws, and (4) violations of RICO. *See generally id.* Plaintiffs propose to define their class as: "All persons in the United States and its territories who paid any portion of the purchase for a prescription of [certain insulin products] at a price calculated by reference to a benchmark price . . . . Excluded from the class are governmental entities . . . ." *Id.* at 49.

- *Carfagno v. Novo Nordisk Inc.*, Case No. 17-cv-3407, Dkt. No. 1, Compl. (D.N.J. May 12, 2017). Yaphe Decl. Ex. E. The *Carfagno* plaintiffs assert class action claims against Defendant **Novo Nordisk** for: (1) violation of RICO and (2) violation of the New Jersey Consumer Fraud Act. *See generally id.* Plaintiffs propose to define their class as: "All persons in the United States

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 17-0900-DOC (KES) | Date: September 18, 2017 |
| | Page 7 |

and its territories who paid any portion of the purchase for a prescription of [certain insulin products] at a price calculated by reference to a benchmark price . . . ."*Id.* at 54.

Thus, plaintiffs in all five New Jersey cases allege that PBMs, including OptumRx, and manufacturers of diabetes medications, including Novo Nordisk, engaged in a scheme to drive up the list prices of insulin. In fact, Novo Nordisk is a defendant in everyone one of the five cases, and OptumRx is a defendant in three of the five cases. These cases have not yet been consolidated because the plaintiffs' law firms involved failed to agree on a joint proposal for coordinating the five cases; instead, response deadlines in the cases have been stayed until the court rules on competing applications to be appointed interim lead counsel and the plaintiffs file any consolidated, amended complaint. Mot. at 4; *see also* Yaphe Decl. Exs. F, G.

As to the transfer factors, first, all five of the New Jersey actions were filed before this action was filed on May 23, 2017. Plaintiff does not dispute this. *See generally* Opp'n.

Second, as to the similarity of the parties, both of the defendants in this case — OptumRx and Novo Nordisk—are also defendants in the *Boss* action and in most of the other New Jersey cases. Mot. at 1; *see also* Yaphe Decl. Ex. A. Moreover, Defendants point out that Plaintiff Ruth Johnson filed both this action and the *Boss* action (together with other named plaintiffs). Mot. at 2. Plaintiff responds that the identity of the named plaintiff is irrelevant, because the classes that Johnson seeks to represent in each of the lawsuits are distinct. Opp'n at 1–4, 11–12. In addition, Plaintiff argues that the parties in the two actions are not identical, because *Boss* was filed against ten manufacturer and PBM defendants, of which OptumRx and Novo Nordisk are only two. Opp'n at 2.

That *Boss* was brought against additional PBM and manufacturer defendants beyond just OptumRx and Novo Nordisk, the sole Defendants in this case, does not preclude a finding that the parties in the two cases are substantially similar. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) ("[T]he first-to-file rule does not require exact identity of the parties. Rather, [it] requires only substantial similarity of parties."). In *Kohn Law*, the Ninth Circuit rejected the notion that the presence of an additional defendant in the first-filed action was enough to defeat substantial similarity of the parties. *Id.* at 1240 ("[Plaintiff] argues that the parties are not substantially similar here because a defendant in the [first-filed] action . . . is not named in the present action. We disagree."). The Court explained:

> In *Alltrade, Inc.*, 946 F.2d [622,] 624 & n.3, 629 [(9th Cir. 1991)], we affirmed a district court's decision not to hear a second-filed case under

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0900-DOC (KES)                                    Date: September 18, 2017
                                                                                                                                                                                 Page 8

> the first-to-file rule even though the first-filed case contained a defendant not named in the second case. A contrary holding could allow a party . . . to skirt the first-to-file rule merely by omitting one party from a second lawsuit. We conclude that the omission of [a defendant] from the present action does not defeat application of the first-to-file rule. Our conclusion avoids awarding such gamesmanship and is consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity.

*Kohn Law*, 787 F.3d at 1240. Thus, where each of the defendants in a later-filed case are also named defendants in the first-filed case, the presence of additional defendants in the first-filed case does not preclude transfer under the first-to-file rule. Moreover, California resident David E. Ross submitted a declaration indicating his intent to "file a lawsuit against Novo Nordisk and the *PBMs* from whom I purchase Victoza." Ross Declaration ("Ross Decl.") (Dkt. 52) ¶ 8 (emphasis added). If Mr. Ross indeed intends to file against PBMs in the plural, it seems likely that additional PBMs who are currently defendants in the New Jersey insulin litigation, but not the instant litigation, will be added as defendants in the Victoza litigation as well.[1]

       However, Plaintiff is correct that district courts in the Ninth Circuit applying the first-to-file rule in the context of a class action compare the putative classes rather than the named plaintiffs. *Pedro v. Millennium Prod., Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016) (collecting cases and discussing the Ninth Circuit's implicit endorsement of this approach). Applying the principle of substantial similarity to putative classes, some courts look to whether the classes represent at least some of the same individuals. *Id.* at *4. To this point, Plaintiff argues that "*Boss* was brought by different Plaintiffs who seek to represent different classes with distinct damages." Opp'n at 1. It is true that the classes in the New Jersey cases encompass consumers who purchased insulin products while the putative class in the instant action represents people who purchased the drug Victoza. Even so, classes in all the cases represent United States consumers who purchased medical drug products for diabetes treatment based on an allegedly inflated list price. *See* Mot. at 3; Compl. ¶ 92. As Ruth Johnson—a named plaintiff in both *Boss* and this action—shows, at least some of the putative class members in the New Jersey insulin cases may also be class members in the instant action, meaning they

---

[1] The chance that the additional PBMs to which Mr. Ross is referring are the same as those already named as defendants in the insulin litigation—including CVS Caremark and ExpressScripts—is high, because "the three largest PBMs in the United States" are "OptumRx, ExpressScripts, and CVS Caremark." Compl. ¶ 43. "They control close to 80% of the industry, administering and managing pharmacy benefits for over 180 million insureds." *Id.*

Case 8:17-cv-00900-DOC-KES   Document 56   Filed 09/18/17   Page 9 of 11   Page ID #:1899

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0900-DOC (KES)                                                  Date: September 18, 2017
                                                                                                                                                                                                 Page 9

purchased both insulin products and Victoza to treat their diabetes.[2] The fact that *Boss* involves four classes distinguishing consumers by the type of health plan under which they were insured—non-ERISA employee/exchange, ERISA, Medicare, or none—is not dispositive either, because the class in this action encompasses ""[a]ll individuals residing in the United States . . . who purchased Victoza," which includes people with any of the aforementioned types of insurance coverage. *Id.* ¶ 92.

      Third, courts consider the similarity of the issues in deciding whether to apply the first-to-file rule. "The issues in both cases also need not be identical, only substantially similar. To determine whether two suits involve substantially similar issues, we look at whether there is substantial overlap between the two suits." *Kohn Law*, 787 F.3d at 1240–41 (internal quotations and citations omitted). Each of the seven claims that Plaintiff asserts against Defendants in this action—violations of RICO, the California Legal Remedies Act, the California Unfair Competition Law, the Michigan Consumer Protection Act, and the New Jersey Consumer Fraud Act, as well as common law fraud and unjust enrichment—is also asserted in the New Jersey actions, albeit with regard to an insulin pricing scheme rather than a Victoza pricing scheme. *Compare* Compl., *with* Yaphe Decl. Exs. A–E. Plaintiff argues, however, that the two actions do not have such similar issues as to warrant transfer precisely because the *Boss* action concerns insulin rather than Victoza, and because this action involves a narrower set of claims than those asserted in the New Jersey cases. Opp'n at 2–4, 6–10.

      However, just as the presence of additional defendants in the earlier-filed actions does not defeat application of the first-to-file rule, the presence of additional claims in the earlier-filed actions does not preclude transfer either. Otherwise, plaintiffs could strategically omit one or more claims to avoid transfer when filing a second action that is otherwise identical or substantially similar. And as mentioned above, David E. Ross plans to file additional Victoza claims similar to those alleged in this action, which may well expand the comparatively "narrower" set of claims at issue here as opposed to in the New Jersey cases. Opp'n at 4; Ross Decl. ¶¶ 8–9.

      Most important, however, is that the New Jersey actions include the same types of legal claims brought by analogous plaintiff classes who are seeking the same types of damages for the same type of conduct by the same defendants. As a result, if the insulin and

---

[2] Moreover, the use of insulin is not mutually exclusive with the use of Victoza—as Plaintiff points out, the two drugs have different chemical effects and prescription criteria. Opp'n at 7. Victoza is used only to treat type-2 diabetes patients. *Id.* at 8. However, the *Boss* complaint alleges that "regular use of prescription insulin is necessary to treat . . . type 2 diabetes to prevent life-threatening health complications." Yaphe Decl. Ex. A ¶ 54. About 95 percent of cases of diabetes in adults, affecting approximately 28.5 million people in the United States, are type 2. Compl. ¶¶ 11–12. Thus, it is plausible that there is some—even significant—overlap between the insulin classes and the Victoza class.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 17-0900-DOC (KES) | Date: September 18, 2017 |
| | Page 10 |

Victoza cases were allowed to proceed separately, this Court and the New Jersey court would need to make many of the same legal determinations in the separate actions. Thus, transferring this action would promote judicial efficiency by obviating the need for each of the two courts to conduct the same legal research and make duplicative rulings on the same legal issues and legal claims.

Nevertheless, Plaintiff emphasizes the fact that the New Jersey cases involve a different product—insulin—than the one at issue in this action, and that the products have different chemical effects and characteristics. However, the differences between the two medical products are not dispositive here, because the lawsuits do not revolve around the medical effects of those products, how they operate in the human body, or any other issue relating to their distinct chemical compositions. If these were products liability suits, for example, focused on the specific medical processes of each drug in the human body and particular side effects people suffered from the different drugs, then the issues would not likely be so similar as to warrant transfer. Here, however, all of the lawsuits concern the pricing rather than the effect of the drugs, and a substantially similar if not nearly identical illegal kickback scheme resulting in inflated prescription drug prices is alleged in all six cases.

Plaintiffs also argues there is little risk of conflicting judgments being issued in *Boss* and the instant action, because determining whether Victoza's list price was inflated will not resolve whether insulin's list prices were inflated. Opp'n at 8. This ignores that, for example, determining whether the type of kickback scheme alleged in both actions violated various statutes like RICO and state consumer protection laws could result in conflicting judgments. That is, while certain findings of fact related to the two distinct drugs may not conflict, many of the legal determinations involved in applying the law to the alleged type of kickback scheme, not to mention determining class certification and damages questions, do have the potential to conflict. Closely comparing the complaint in this action with that in *Boss* is instructive. Count One in this case, which alleges a RICO enterprise between Defendants OptumRx and Novo Nordisk, Compl. ¶¶ 107–57, includes almost *exactly the same* allegations, paragraph for paragraph, as Count Three in *Boss*, which similarly alleges a RICO enterprise that involves both OptumRx and Novo Nordisk based on an alleged kickbacks scheme. Yaphe Decl. Ex. A ¶¶ 323–73.

"[C]lass actions are 'frequently complex affairs which tax judicial resources,' and thus constitute 'the very cases in which the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith'. . . ." *Pedro*, 2016 WL 3029681, at *4 (quoting *Hilton v. Apple, Inc.*, No. C-13-2167 EMC, 2013 WL 5487317, at *7 (N.D. Cal. 2013)). Given both the fact that the Defendants in this action are also defendants in the New Jersey cases, and the similarity of the kickback schemes alleged, claims asserted, and class

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 17-0900-DOC (KES) | Date: September 18, 2017 |
| | Page 11 |

allegations, the Court finds that this action is substantially similar to the New Jersey cases such that it should be transferred under the first-to-file rule in order to promote judicial economy and consistency of results. To be sure, there are differences between this action and those pending in New Jersey, "but the similarities are more significant than are the differences." *Red v. Unilever United States, Inc.*, No. 09-07855 MMM (AGRX), 2010 WL 11515197, at *6 (C.D. Cal. Jan. 25, 2010).

      Having decided that the first-to-file rule warrants transferring this case to the District of New Jersey, the Court does not address whether the case should be transferred under 28 U.S.C. § 1404(a).

**V.     Disposition**

      For the reasons set forth above, the Court GRANTS Defendants' Motion to Transfer pursuant to the first-to-file rule.

      The instant action is TRANSFERRED to the United States District Court for the District of New Jersey.

      The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |